
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMNIPOINT COMMUNICATIONS, INC., and OMNIPOINT FACILITIES NETWORK 2, L.L.C., | : : : | Civil Action No. 3:03-cv-0900(AWT) |
| Plaintiffs, | : : | |
| vs. | : : | |
| THE COUNTRY CLUB OF NEW CANAAN, INC., | : : : | |
| Defendant. | : | OCTOBER 22, 2003 |

## AFFIDAVIT

*STATE OF CONNECTICUT* )
　　　　　　　　　　　　) ss: at New Canaan this 22nd day of October, 2003
*COUNTY OF FAIRFIELD* )

　　1.　I am over the age of eighteen years and understand the obligations of an oath.

　　2.　I have personal knowledge of the facts and circumstances related herein, and the facts set forth are true to the best of my knowledge and belief.

3. My name is William Heyn and I am on the Board of Governors of the defendant, The Country Club of New Canaan, Inc. ("CCNC").

4. This action involves a dispute over the validity of a purported lease agreement ("Lease") between CCNC and the Plaintiff, Omnipoint Communications, Inc. and Omnipoint Facilities Network 2, L.L.C. ("Omnipoint"), for a 400 square foot (20' by 20') parcel of land owned by CCNC ("Premises"). A copy of the Lease is attached as Exhibit 1.

5. The Lease was signed nearly two years ago on or about January 2, 2001.

6. The stated purpose of the Lease was to permit Omnipoint to construct and operate a telecommunications antenna tower and related facility ("Tower").

7. Paragraph 5 of the Lease provides that the commencement date of the Lease shall be the date Omnipoint "*begins construction*" of the Tower. Specifically, the Lease states:

> **5. Term**
>
> *The initial term of this Agreement shall be for a period of ten (10) years ("Term")* <u>*commencing upon the date Lessee begins the construction of its installation*</u> *("Commencement Date") and shall terminate on the tenth anniversary of the Commencement Date, unless otherwise provided in Paragraph 11. ....* (emphasis added)

8.  The commencement of the Tower's construction requires regulatory approval from the Connecticut Siting Council ("Siting Council").

9.  To date, Omnipoint has neither obtained regulatory approval, nor has it begun construction of the Tower.

10.  CCNC has provided Omnipoint with access to the Premises and other parts of its property for Omnipoint to seek its regulatory approval:

(a)  Prior to the date Omnipoint commenced this action, CCNC informed Omnipoint that CCNC would allow Omnipoint access to the Premises.

(b)  Thereafter, on or about May 19, 2003, CCNC allowed Omnipoint access to a CCNC parking lot so that Omnipoint could conduct a "crane test" to refute evidence submitted by a New Canaan citizens' group

opposing Omnipoint's application before the Siting Council.

(c) On May 22, 2003, CCNC allowed Omnipoint access to the Premises to conduct a "balloon test" in connection with its application to the Siting Council.

11. Omnipoint has filed an application with the Siting Council for approval of its proposed Tower on the Premises ("Application").

12. To date, the Siting Council has conducted pre-hearing proceedings on the Application and a full hearing addressed to a second tower location in New Canaan.[1]

13. CCNC originally sought to participate in the Siting Council proceedings, however it recently withdrew as a party by filing a Notice of Withdrawal.

14. The Town of New Canaan has appeared in the Siting Council proceedings, and has aggressively opposed the Application.

---

[1] However, during one of the three hearings concerning the substantive merits of the second tower location, expert testimony was adduced in opposition to both towers.

4

15. In addition, neighbors of the proposed Tower site have also appeared in the Siting Council proceedings and have aggressively opposed the Application.

16. The Premises on which the Tower is to be constructed is contiguous to State roadway 123.

17. On October 7, 2003, the Connecticut Department of Transportation ("DOT") sent a notice to the Siting Council ("Notice") indicating that the DOT's Office of Maintenance must review the location of all future telecommunications towers. A copy of the Notice is attached as Exhibit 2.

18. Significantly, the DOT reiterates in the Notice its public safety requirement that all telecommunications towers must be a minimum distance from a State roadway of no less than the height of the tower.

19. It is physically impossible to construct the 110 foot Tower on the 20' by 20' Premises without violating this DOT mandate.

20. The Siting Council has scheduled its hearings specific to the Application for November 10, 2003.

21. On information and belief, based on the opposition to the Application, it is likely that the Siting Council will not render a decision until January 2004. It is also my understanding that the deadline for any such decision on the Application is in February 2004.

Dated at New Canaan, Connecticut this 22nd day of October, 2003.

_____
WILLIAM HEYN, Affiant

Subscribed and sworn to before me this ___ day of October, 2003.

_____
Notary Public
My Commission Expires On:

JOSEPH J. RUCCI, JR.
NOTARY PUBLIC
STATE OF CONNECTICUT
COMMISSION EXPIRES December 31, 2007

6