UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OMNIPOINT COMMUNICATIONS, INC., :
and OMNIPOINT FACILITIES :
NETWORK 2, L.L.C., : Civil Action No.:
: 3:03CV0900(AWT)
Plaintiffs, :
:
vs. :
:
THE COUNTRY CLUB OF NEW :
CANAAN, INC. :
:
Defendant. : JULY ___, 2003

### FORM 26(f) REPORT OF PARTIES' PLANNING CONFERENCE

Date Complaint Filed:              May 21, 2003

Date Complaint Served:             May 23, 2003

Date of Defendant's Appearance:    June 12, 2003

Date Amended Complaint Filed:      July 3, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the parties in the above-captioned case conferred on July 8, 2003. Representing the parties were:

Stephen J. Humes and Brian O'Donnell, for Plaintiffs,

Robert F. Maslan, Jr., for Defendant

**I.    Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   Jurisdiction**

A.    Subject Matter Jurisdiction:

Jurisdiction is founded on diversity of citizenship.

B.    Personal Jurisdiction:

The parties do not dispute the Court's personal jurisdiction over them.

### III. Brief Description of Case

A.  Claims of Plaintiffs:

Plaintiff Omnipoint Communications, Inc., entered into a lease to build a wireless telecommunications tower on Defendant's property, which lease was signed on behalf of Defendant by Defendant's treasurer, James N. Barton ("Barton"). Defendant has since refused to permit Plaintiffs to use Defendant's property for the purposes provided in the lease, and disputes the validity of the lease. Plaintiffs seek an order enforcing the lease and, in addition or in the alternative, seek damages estimated to exceed $1 million.

B.  <u>Defenses and Claims (Counterclaims, Third-Party Claims, Cross-Claims) of Defendant/s</u>:

C.  <u>Defenses and Claims of Third-Party Defendant/s</u>:

Not applicable at this time.

### IV. Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Barton, the former treasurer of Defendant, signed a document purporting to be a lease to Plaintiff Omnipoint Communications, Inc., of a portion of Defendant's real property.

The lease, by its terms, purportedly permits Plaintiffs to erect a telecommunications tower on said property.

The property subject to the purported lease is next to a Southern New England Telephone Company telecommunications facility that Defendant has permitted to be located on its property by easement.

The parties dispute the legal effect of the purported lease signed by Barton.

V.  **Case Management Plan:**

A.  Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

B.  Scheduling Conference With the Court.

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R.Civ.P. 16(b).

C.  Early Settlement Conference.

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by a settlement conference with the presiding judge or magistrate judge, as described in paragraph C.3., below.

2.  The parties do not request an early settlement conference (i.e., a settlement conference prior to the commencement of discovery).

3.  The parties prefer a settlement conference with the presiding judge or magistrate judge. Plaintiffs would agree to participate in a settlement conference intended to explore alternative locations for a telecommunications tower on Defendant's property and the terms for such a re-location of Plaintiffs' proposed tower, as long as such settlement conference does not affect the schedule of the litigation.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.  Joinder of Parties and Amendment of Pleadings.

1.  Plaintiffs should be allowed until January 15, 2004, to file motions to join additional parties.

2.  Defendant should be allowed until January 15, 2004, to file motions to join additional parties. Defendant should be allowed until August 1, 2003, to file a response to the Amended Complaint.

E.  Discovery.

1.  The parties anticipate that discovery will be needed on the following subjects:

Plaintiffs: Plaintiffs anticipate that discovery will be needed on the following subjects:

(1) The circumstances surrounding Barton's signing of the purported lease;

(2) The circumstances surrounding other encumbrances of real estate by Defendant;

     (3) The circumstances surrounding the decision by Defendant to disavow the purported lease signed by Barton;

     (4) The circumstances surrounding the decision by Defendant to oppose Plaintiffs' efforts to obtain approval from the Connecticut Siting Council for the subject telecommunications tower.

  <u>Defendant</u>: Defendant anticipates that discovery will be needed on the following subjects:

    a.

  2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by July 31, 2004.

  3. Discovery will not be conducted in phases.

  4. Not applicable.

  5. The plaintiffs anticipate that they will require a total of 8 depositions of fact witnesses. The defendant anticipates that it will require a total of 8 depositions of fact witnesses. The depositions will start immediately and be completed by July 31, 2004.

  6. The parties anticipate that they will request permission to serve more than 25 interrogatories.

  7. Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 30, 2004. Depositions of any such experts will be completed by May 31, 2004.

  8. Defendant does intend to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2004  Depositions of any such experts will be completed by July 31, 2004

  9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 31, 2004

  F. Dispositive Motions.

  Dispositive motions will be filed on or before September 30, 2004.

  G. Joint Trial Memorandum.

  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 31, 2004.

e.   **Trial Readiness**

This case will be ready for trial by one month after the Court's ruling on dispositive motions or, if no dispositive motions are filed, then by November 30, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS
OMNIPOINT COMMUNICATIONS, INC. AND
OMNIPOINT NETWORK FACILITIES 2, L.L.C.


By_____
   Dennis F. Kerrigan, Jr. (ct09621)
   Stephen J. Humes (ct14065)
   Brian O'Donnell (ct16041)
   LeBoeuf, Lamb, Greene & MacRae, L.L.P.
   225 Asylum Street
   Hartford, CT 06103
   Tel.(860) 293-3500
   Fax.(860) 293-3555

Their Attorneys



DEFENDANT
THE COUNTRY CLUB OF NEW CANAAN, INC.

By_____
   Robert F. Maslan, Jr. (ct07919)
   Rucci, Burnham, Carta & Edelgberg, LLP
   30 Old King's Highway South
   P.O. Box 1107
   Darien, CT 06820

Its Attorney