| | |
|---|---|
| DOCKET NO. 244 | : CONNECTICUT |
| | : SITING COUNCIL |
| Application of | : |
| | : |
| OMNIPOINT FACILITIES NETWORK 2, | : |
| L.L.C., A SUBSIDIARY OF T-MOBILE, | : |
| USA, INC. FOR A CERTIFICATE OF | : |
| ENVIRONMENTAL COMPATIBILITY | : |
| AND PUBLIC NEED FOR THE CON- | : |
| STRUCTION, OPERATION AND MAIN- | : |
| TENANCE OF A WIRELESS TELE- | : |
| COMMUNICATIONS FACILITY AT | : |
| NEW CANAAN COUNTRY CLUB, 95 | : |
| COUNTRY CLUB ROAD, NEW CANAAN, | : |
| CONNECTICUT. | : APRIL 30, 2003 |

## NOTICE OF INTENT TO BE PARTY
## AND PETITION FOR PARTY STATUS

The Country Club of New Canaan, Inc., by its undersigned counsel, hereby gives notice of its intent to be a party in the above-captioned Application as a record owner of land that abuts the land at issue in the Application. The Country Club of New Canaan, Inc. also petitions the Siting Council for party status as the record owner of the land at issue in the Application.

1. **PETITIONER:**

    The Country Club of New Canaan, Inc.
    c/o Joseph J. Rucci, Jr., Esq.
    Robert F. Maslan, Esq.
    Rucci, Burnham, Carta & Edelberg, L.L.P.
    30 Old King's Highway South
    P.O. Box 1107
    Darien, CT 06820
    Tel. No. (203) 899-3300
    Fax No. (203) 655-4302
    e-mails: rmaslan@rbce.com and jrucci@rbce.com

2. **MANNER IN WHICH PETITIONER CLAIMS TO BE SUBSTANTIALLY AND SPECIFICALLY AFFECTED:**

The Country Club of New Canaan, Inc. ("CCNC") owns the land which abuts and the land upon which Omnipoint Facilities 2, L.L.C. ("Omnipoint") proposes to construct a telecommunications facility. Any action taken by the Siting Council will substantially affect CCNC's interest in that land.

3. **CONTENTION OF THE PETITIONER:**

Omnipoint's Application fails to provide an accurate and complete acquisition plan for the proposed site. The Application incorrectly states that the applicant "successfully negotiated a lease for the site." However, there is no valid lease between CCNC and Omnipoint or its parent company, T-Mobile USA, Inc., for use of the site as a telecommunications facility, and the Application does not contain any other plan for acquisition of the site at issue or any other site. Consequently, the Application is incomplete.

CCNC reserves the right to raise other issues as may become apparent during the pendency of the Application.

4. **RELIEF SOUGHT BY THE PETITIONER:**

CCNC seeks the dismissal and the denial of the Application.

5. **STATUTORY OR OTHER AUTHORITY THEREFOR:**

CCNC must be designated as a party to this Application because it owns the land upon which the proposed facility will be located and land that abuts the proposed site.

Conn. Gen. Stat. §§ 16-50n(a)(2); 16-50*l*(b); 16-50n(a)(4); Conn. Agencies Regs. §§ 16-50j-13; 16-50j-14.

The authority for dismissing the Application is based upon Omnipoint's lack of standing. In the absence of a valid lease between Omnipoint and CCNC for the use of the proposed site for a telecommunications facility, Omnipoint lacks standing before the Siting Council. Richards v. Planning and Zoning Comm'n, 170 Conn. 318, 323-324, 365 A.2d 1130, 1133 (1976); see also Omnipoint Holdings, Inc. v. City of Southfield, 203 F. Supp. 2d 804, 818 (E.D. Mich. 2002); Sprint Spectrum, L.P. v. City of Woburn, 8 F. Supp. 2d 118, 121 (D. Mass. 1998).

The authority for denying the Application is found in Conn. Gen. Stat. §16-50l and Conn. Agencies Regs. §16-50j-74, which require that applications for a certificate of environmental compatibility and public need for the construction, operation and maintenance of a wireless telecommunications facility include statements of the estimated costs of site acquisition and a schedule showing a proposed program of site acquisition, neither of which is included in the present Application.

6. **NATURE OF EVIDENCE THAT THE PETITIONER INTENDS TO PRESENT:**

CCNC intends to submit evidence that Omnipoint does not have a valid lease to construct and maintain a telecommunications facility on the site specified in the Application, and therefore the acquisition plan is not viable.

WHEREFORE, the undersigned respectfully requests that the Siting Council designate the Country Club of New Canaan, Inc. a party in this Application.

        Respectfully submitted,

        **THE COUNTRY CLUB OF NEW CANAAN, INC.**

By: _____
      Joseph J. Rucci, Jr., Esq.
      Robert F. Maslan, Jr.
      Rucci, Burnham,
      Carta & Edelberg, LLP
      800 Post Road
      P.O. Box 1107
      Darien, CT  06820
      (203) 655-7695
      Juris No. 52220
      Its Attorneys

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, to the following on April 30, 2003:

**LIST OF PARTIES AND INTERVENORS**
**SERVICE LIST**

| Status Granted | Status Holder (name, address & phone number) | Representative (name, address & phone number) |
|---|---|---|
| Applicant | Omnipoint Facilities Network 2, L.L.C., A Subsidiary of T-Mobile, USA, Inc. | Stephen J. Humes, Esq. LeBoeuf, Lamb, Greene & MacRae, L.L.P. Goodwin Square, 225 Asylum Street Hartford, CT 06103 (860) 293-3744 (860) 293-3555 - fax shumes@llgm.com |
| Intervenor | AT&T Wireless PCS, LLC d/b/a AT&T Wireless | Christopher B. Fisher, Esq. Cuddy & Feder LLP 90 Maple Avenue White Plains, New York 10601 (914) 761-1300 |

_____
Joseph J. Rucci, Jr., Esq.