# RUCCI, BURNHAM, CARTA & EDELBERG, LLP
### Attorneys at Law

03CV900(MRK)app mot DISMY

JOSEPH J. RUCCI, JR.
PAUL H. BURNHAM
MARK R. CARTA
PAUL B. EDELBERG*
WILLIAM M. CARELLO"
ROBERT F. MASLAN, JR.*
COLETTE SYMON HANRATTY*
GEORGE A. REILLY*

THERESA ANNE TWIGG
ARTHUR K. ENGLE
DAVID J. RUCCI
SANDRA J. AKOURY
HAYDEN R. BRAINARD, JR.*
DARCY S. McALISTER
CHRISTOFFEL KREDIET

Of Counsel:
IAN R. CRAWFORD*
JAMES C. DEMPSEY*
STUART A. McKEEVER*
ALBERTO N. MORIS**
JAMES F. SULLIVAN*
JOHN W. HETHERINGTON*

30 OLD KING'S HIGHWAY SOUTH
P.O. BOX 1107
DARIEN, CONNECTICUT 06820
TELEPHONE (203) 899-3300
FACSIMILE (203) 655-4302

www.rbce.com

April 21, 2003

New Canaan Office:
71 ELM STREET
P.O. BOX 1680
NEW CANAAN, CT 06840
TELEPHONE (203) 966-6500
FACSIMILE (203) 801-2065

Stamford Office:
6 LANDMARK SQUARE
SUITE 473
STAMFORD, CT 06901
TELEPHONE (203) 359-5637

*ALSO ADMITTED IN NEW YORK
**ADMITTED IN FLORIDA ONLY
+ALSO ADMITTED IN ARIZONA

Writer's Direct Dial: (203) 899-3341
Writer's e-mail: jrucci@rbce.com

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Stephen J. Humes, Esq.
LeBoeuf, Lamb, Greene & MacRae, LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103

Re: Omnipoint Communications, Inc.
    Omnipoint Facilities Network II, LLC and
    The Country Club of New Canaan, 95 Country Club Road, New Canaan, CT

Dear Mr. Humes:

This in follow-up of my correspondence to you of March 20, 2003.

Please be advised that it remains The Country Club of New Canaan, Inc.'s (CCNC) position that a valid Agreement of Lease does not exist between Omnipoint Communications, Inc. and its successors and assigns for the reasons previously stated, that the document purported to be a lease fails to identify the property subject to Lease and as such violates the Statute of Frauds, Connecticut General Statutes 52-550.

Further, any arguments that the Lease is valid cannot be sustained because Omnipoint failed to obtain the requisite corporate resolution of authority from the

Stephen J. Humes, Esq.
April 21, 2003
Page 2

Board of Directors of CCNC and as well as the CCNC membership as required for leasing of property.

In addition, in its application to the Connecticut Siting Council, the applicant advises that:

> "The proposed compound would be joined with the SNET compound creating one approximately forty-seven foot by nineteen foot (47' x 19') compound."

Be advised that the SNET Communications facility exists on a permanent easement acquired by the Southern New England Telephone Company (SNET) from The Country Club of New Canaan, Inc. on the 26th of May, 1989 and consists of an area of only 720 sq. feet. The grantee, SNET, was authorized "....to construct and operate Subscriber Line Carrier Systems including all equipment and material associated therewith on said parcel....". Further, as a requirement of that easement, it is stated that: "The company plant a buffer of shrubbery in order to obscure this equipment from view." It is the intention and language of the 1989 Lease Agreement that SNET has no authority to grant use of this parcel for the construction of a cellular tower or related equipment and to do so would be in violation and overburdening of this easement.

Your client is further advised not to attempt to enter upon any part of CCNC property. Any unauthorized entry upon the property will be considered a trespass.

Very truly yours,

Joseph J. Rucci, Jr.

JJR:ak

cc: Connecticut Siting Council ✓