03CV900 memoppmofDism9

STATE OF CONNECTICUT
CONNECTICUT SITING COUNCIL

| | |
|---|---|
| APPLICATION OF OMNIPOINT FACILITIES NETWORK 2, L.L.C., A SUBSIDIARY OF T-MOBILE USA, INC., FOR A CERTIFICATE OF ENVIRONMENTAL COMPATIBILITY AND PUBLIC NEED FOR THE CONSTRUCTION, OPERATION AND MAINTENANCE OF A WIRELESS TELECOMMUNICATIONS FACILITY AT 270 VALLEY ROAD, NEW CANAAN, CONNECTICUT | DOCKET NO. 243  RECEIVED OCT 15 2003 CONNECTICUT SITING COUNCIL OCTOBER 15, 2003 |

OBJECTION TO
SUPPLEMENTAL EXHIBIT AND
RESPONSE TO APPLICANT'S LATE-FILE EXHIBITS

Omnipoint Facilities Network 2, L.L.C., a subsidiary of T-Mobile USA, Inc. (hereinafter "T-Mobile" or "Applicant"), the Applicant with respect to the above-referenced application for a certificate to construct, operate, and maintain a wireless telecommunications facility at 270 Valley Road, New Canaan, Connecticut, respectfully objects to the "Supplemental Exhibit and Response to Applicant's Late-File Exhibits" (the "Response") filed by Marie Louise Brown a/k/a/ Nina M. Brown, Dayton Ogden, Jr. and Margaret R. Ogden (the "Responding Parties") for the reasons set forth herein.

During the final day of hearings in this proceeding, on August 27, 2003, Council Member Brian O'Neill requested that the Applicant file a late-file exhibit (the "Late-File Exhibit"), which in fact was filed on September 10, 2003, the date established by Chairman Katz at the end of the August 27, 2003 hearing. When Attorney Maslan, the attorney acting on behalf of the

Responding Parties, inquired of the process for commenting on the Late-File Exhibit, the following transpired:

> MR. MASLAN: Madam Chairman, I just had one question. There was a little -- well, Mr. O'Neill is not here, but there was a request that he had made about a -- I think he called it a late submission?
> CHAIRMAN KATZ: A late file, yes.
> MR. MASLAN: Or a late file. Will the other parties to this matter be entitled to get copies of that --
> CHAIRMAN KATZ: Yes --
> MR. MASLAN: -- and respond with their own late files? I think as parties they would have equivalent procedural rights as the Applicant.
> CHAIRMAN KATZ: Yes, the --
> MR. MASLAN: I understand the concept of closing the record in a public hearing, but I just want to make sure everybody has their due process rights protected here.
> CHAIRMAN KATZ: I just want to double check here. (Pause). What we're going to do is we are going to allow the late file as Mr. O'Neill requested, but we will allow the parties and intervenors if they feel the need to, to submit their own late file <u>restricted to that particular late bit of evidence</u>. (Emphasis added.) Tr. 3, pp. 250-51.

T-Mobile objects to the contents of ¶ 2. and ¶ 3. and the document attached as "Exhibit A." T-Mobile objects because the administrative record in this proceeding was closed to new evidence on August 27, 2003 and these submittals exceed the limited scope of the response permitted by the Siting Council after that date.

The Responding Parties' statements in ¶ 2. are unsubstantiated and unsupported by the record in this proceeding. The Responding Parties have offered no documentation to support the claimed "fact" that the "Applicant has rebuffed the Town's effort to explore alternative sites on the adjacent Silver Hill Property." Unlike the inappropriate assertions of the Responding Parties, which are no more than statements of belief, the facts in evidence show that both the Town of New Canaan and T-Mobile cooperated in attempts to communicate with Silver Hill's management and both were unsuccessful in obtaining a response. See Tr. 3, pp. 47-8, 51, 54. To submit a wholly unsubstantiated statement now as "fact," without more, is entirely inappropriate especially within the confines of the Siting Council's allowance of comments narrowly tailored to the scope of the

Late-File Exhibit. T-Mobile urges the Siting Council to strike ¶ 2. from any consideration in this proceeding.

The infirmities of ¶ 3. are far more severe and is an attempt to mislead the Siting Council. In this paragraph, the Responding Parties have attached Exhibit A, a document (the "Document") which the Responding Parties inaccurately characterize as a letter from the State of Connecticut Department of Transportation. As the attached Exhibit 1 demonstrates, which is an e-mail between the undersigned and the alleged author quoted in the "letter," the alleged author has completely disavowed the Document and indicated it was sent without his knowledge or consent. The DOT is in the process of correcting the record in Docket No. 244 to remove the Document from consideration. Therefore, the Document should be given no consideration in Docket No. 243.

The Siting Council should also reject the efforts of the Responding Parties to enter purported evidence (asserting that "Docket No. 244 must be denied") through the back door when neither the Responding Parties nor their counsel currently have a role in that proceeding. The Responding Parties are NOT Parties in Docket No. 244, and their counsel, which formally withdrew their participation from Docket No. 244 on behalf of the Country Club of New Canaan, Inc., no longer represent a party or intervenor in Docket No. 244. It is wholly improper, and unsubstantiated by the record evidence in Docket No. 243, for the Responding Parties to assert that the "Applicant is no longer able to demonstrate that the proposed 270 Valley Road site is an integral part of an integrated network design for the northern part of New Canaan." Such unsubstantiated statements about "network design" contradict three full days of Siting Council hearings in this matter and the technical evidence presented by every party/intervenor to this proceeding, including the Responding Parties. Since the administrative record is closed, there simply is no basis for offering additional evidence at this late date.

For the foregoing reasons, T-Mobile respectfully requests that the Siting Council strike from any consideration the Response. In the alternative, T-Mobile requests that the Siting Council limit its consideration of the Response to ¶ 1.

                                                      Respectfully submitted,

                                                      Omnipoint Facilities Network 2, L.L.C., a
                                                      subsidiary of T-Mobile USA, Inc.

                                                      By: _____
                                                      Stephen J. Humes, Esq.
                                                      LeBoeuf, Lamb, Greene & MacRae, L.L.P.
                                                      Goodwin Square
                                                      225 Asylum Street
                                                      Hartford, CT 06103
                                                      (860) 293-3744
                                                      Its Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via first class mail, postage paid, on October 15, 2003, to the attached Service List for Docket No. 243.

                                                      _____
                                                      Stephen J. Humes, Esq.
                                                      LeBoeuf, Lamb, Greene & MacRae, L.L.P.
                                                      Goodwin Square
                                                      225 Asylum Street
                                                      Hartford, CT 06103
                                                      (860) 293-3744
                                                      Its Attorneys

Date: May 21, 2003

Docket No. 243
Page 1 of 3

## LIST OF PARTIES AND INTERVENORS
## SERVICE LIST

| Status Granted | Status Holder (name, address & phone number) | Representative (name, address & phone number) |
|---|---|---|
| Applicant | Omnipoint Facilities Network 2, L.L.C. | Stephen J. Humes, Esq.<br>Diane W. Whitney, Esq.<br>LeBoeuf, Lamb, Greene & MacRae, L.L.P.<br>Goodwin Square, 225 Asylum Street<br>Hartford, CT 06103<br>(860) 293-3744<br>(860) 293-3555 - fax<br>shumes@llgm.com |
| Intervenor | AT&T Wireless PCS, LLC<br>d/b/a AT&T Wireless | Christopher B. Fisher, Esq.<br>Cuddy & Feder & Worby LLP<br>90 Maple Avenue<br>White Plains, NY 10601-5196<br>(914) 761-1300<br>(914) 761-6405 - fax |
| Party | Iona C. Hubbard<br>17 Wardwell Drive<br>New Canaan, CT 06840<br>(203) 972-0030<br>(203) 972-0030 - fax | |
| Party | Marie Louise Brown<br>2 Wardwell Drive<br>New Canaan, CT 06840<br>(203) 966-4249<br>(203) 966-4249 - fax | Robert F. Maslan, Jr.<br>Rucci, Burnham, Carta & Edelberg, LLP<br>71 Elm St., P.O. Box 1680<br>New Canaan, CT 06840<br>(203) 966-6500<br>(203) 801-2065 |
| Party | The Citizens for Responsible Cellular Planning | The Citizens for Responsible Cellular Planning1<br>c/o Ms. Diane Baldwin, Co-Chairperson<br>22 Wardwell Drive<br>New Canaan, CT 06840<br>(203) 966-0782<br>(203) 966-0167 - fax |

Docket No. 243
Page 2 of 3

## LIST OF PARTIES AND INTERVENORS
## SERVICE LIST

| Status Granted | Status Holder<br>(name, address & phone number) | Representative<br>(name, address & phone number) |
|---|---|---|
| Intervenor | Diane M. Baldwin<br>22 Wardwell Drive<br>New Canaan, CT  06840<br>(203) 966-0782<br>(203) 966-0167 - fax | |
| Party | Dayton Odgen, Jr.<br>Margaret R. Ogden<br>269 Valley Road<br>New Canaan, CT  06840<br>(203) 966-7598<br>(203) 972-2847 - fax | |
| Intervenor | John D. Hough, Trustee<br>Sally N. Hough, Trustee<br>310 Valley Road<br>New Canaan, CT  06840<br>(203) 966-7967<br>(203) 847-8477<br>jhough@snet.net | |
| Intervenor | Janet Z. Congdon<br>34 Wardwell Drive<br>New Canaan, CT  06840<br>(203) 966-6116<br>(203) 966-2496 fax<br>jcongdon@congdonco.com | |
| Party | The Town of New Canaan | John W. Cannavino, Esq.<br>M. Juliet Bonazzoli, Esq.<br>Cummings & Lockwood<br>Four Stamford Plaza, P.O. Box 120<br>Stamford, CT  06904-0120<br>(203) 327-1700<br>(203) 351-4499 - fax |

Docket No. 243
Page 3 of 3

## LIST OF PARTIES AND INTERVENORS
## SERVICE LIST

| Status Granted | Status Holder (name, address & phone number) | Representative (name, address & phone number) |
|---|---|---|
| Intervenor | Nancy G. Neuser<br>Gary A. Neuser<br>94 Thayer Road<br>New Canaan, CT 06840<br>(203) 966-6079<br>(203) 966-6079 fax<br>ngneuser@optonline.net | |

# EXHIBIT 1

**Stephen Humes - RE: DOT Policy on Telecommunication Towers**

| | |
|---|---|
| **From:** | "Drda, Charles A." <Charles.Drda@po.state.ct.us> |
| **To:** | "'Stephen Humes'" <SHUMES@LLGM.COM>, "Drda, Charles A." <Charles.Drda@po.state.ct.us> |
| **Date:** | 10/10/2003 8:27 AM |
| **Subject:** | RE: DOT Policy on Telecommunication Towers |
| **CC:** | <derek.phelps@po.state.ct.us>, "Hilliard, Joseph P." <Joseph.Hilliard@po.state.ct.us> |

Mr. Humes

My apologies for not getting back to you yesterday. The attached file was NOT sent out from my office and was sent without my knowledge. I spent the afternoon tracking down the source as to where the information came from and who sent it. Basically, the information was transcribed from review comments from a previous application and as noted in your email, all of the comments do not apply and/or are entirely correct.

I have been in contact with Mr. Derek Phelps and am in the process of formulating comments for this particular docket. They should be sent to Mr. Phelps early next week.

Please disregard the comments which were previously forwarded to you. I apologize for any inconvenience this may have caused you.

Thank you

Chuck

-----Original Message-----
From: Stephen Humes [mailto:SHUMES@LLGM.COM]
Sent: Thursday, October 09, 2003 5:00 PM
To: charles.drda@po.state.ct.us
Cc: derek.phelps@po.state.ct.us; joseph.hilliard@po.state.ct.us
Subject: DOT Policy on Telecommunication Towers

Mr. Drda:

I placed a call to you today and would appreciate the courtesy of a reply call at your earliest convenience. I would like to discuss the attached document your office apparently filed recently with the Connecticut Siting Council. It appears that the document may have incorrectly been associated with a specific Siting Council docket when the text of the attached document indicates that DOT apparently intended it as a generic statement of DOT policy rather than related to a specific pending application.

Also, the document is confusing to me in that when it states that there can be "no access to the tower from the state roadway," it does not indicate that this DOT policy only applies to limited access state roadways, such as the interstate highways (I-95, I-84, I 91, I-691, I-384, etc.), not all state roadways. In previous dealings with the Office of Rights of Way, they have clearly indicated that the state's concern is to protect the integrity of limited access highways. It is my understanding that the statement does

not apply to other state roads, such as Route 1, Route 34, Route 10, etc. Please let me know if this is not correct.

Finally, your attached letter indicates that DOT requires 30 days to review future proposals for telecommunications towers. As you know, Section 16-50m and Section 16-50j of the Connecticut General Statutes already require that any applicant for a telecommunication tower certify that the DOT received a copy of the application at the time of filing, which provides more than 30 days for the DOT to review and comment on specific proposals. Please indicate whether there is any other requirement or regulation regarding specific DOT notice other than that which is already in place.

Thank you for your assistance in clarifying your communication.

Best regards,

Steve Humes


Stephen J. Humes
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT  06103
860-293-3744
PCS: 203-606-0306
Firm Fax: 860-293-3555
Personal Fax: 860-241-1344
shumes@llgm.com

=====================================================================
==
This e-mail, including attachments, contains information that is
confidential and may be protected by the attorney/client or other
privileges. This e-mail, including attachments, constitutes non-public
information intended to be conveyed only to the designated recipient(s). If
you are not an intended recipient, please delete this e-mail, including
attachments, and notify me. The unauthorized use, dissemination,
distribution or reproduction of this e-mail, including attachments, is
prohibited and may be unlawful.
=====================================================================
==