UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMNIPOINT COMMUNICATIONS INC, and OMNIPOINT FACILITIES NETWORK 2, L.L.C. | : : : | |
| Plaintiffs, | : : | Civil Action No.: 303CV0900AWT |
| vs. | : : : | |
| THE COUNTRY CLUB OF NEW CANAAN, INC. | : : : : | |
| Defendant. | : | December 3, 2003 |

**PLAINTIFFS' SURREPLY MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Omnipoint Communications, Inc., and Omnipoint Facilities Network 2, L.L.C. (collectively, "Omnipoint"), hereby request permission to file a surreply memorandum in order to provide the Court with relevant portions of a transcript of a proceeding of the Connecticut Siting Council ("Siting Council"), which became available only after Omnipoint filed its Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Omnipoint's Memo.").[1] If the Court grants Omnipoint permission to file a surreply, the remainder of this memorandum will so serve.

Defendant concedes that it presented a bogus letter to the Court, makes the stunning admission that Defendant knew the letter was bogus before presenting it the Court, and now justifies that conduct by asserting that Defendant only mentioned portions of the bogus letter that Defendant allegedly decided were nevertheless accurate. In support of this position, Defendant provides pure <u>hearsay</u> in the form of an affidavit from Defendant's counsel reciting what a state

---

[1] Omnipoint offered in its Memorandum to supply relevant transcript pages when available. See Omnipoint's Memo., at 9 n.8, 10 n.9, and 11 n.11.

**ORAL ARGUMENT REQUESTED**

Department of Transportation ("DOT") employee allegedly told Defendant's counsel.[2] (Defendant's Reply to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Defendant's Reply Memorandum"), at 4-6.) Omnipoint requests that the Court disregard this hearsay. Omnipoint further requests that the Court disregard the bogus letter and Defendant's argument based on it, not only because of the suspect provenance of the letter and the inadequacy of counsel's hearsay testimony, but because the disposition of Defendant's motion should not hinge on an attempt to predict the Siting Council's ruling.

Defendant's claim that it did not mislead, but merely engaged in clever word-smithing, rings hollow. See, e.g., Defendant's Reply, at 6 ("CCNC never once asserted that Mr. Drda was the author of the Memorandum.") In fact, Defendant's board member, William Heyn, submitted an affidavit stating that "[o]n October 7, 2003, the Connecticut Department of Transportation ("DOT") sent a notice to the Siting Council ("Notice") indicating . . . .," and "[s]ignificantly, the DOT reiterates in the Notice . . . ." (Heyn Affidavit, at ¶¶ 17, 18.) At the time that Heyn was making these sworn statements, Defendant (and Defendant's counsel) knew that Mr. Drda -- the only person whose name appears on the purported DOT document -- did not author or send the document, and that it was not an accurate reflection of the DOT's position. Defendant's failure to point this out reflects, at best, a lack of candor.

An excerpt of the transcript of the Siting Council proceeding, containing the testimony of Charles A. Drda, is attached as Exhibit A to the affidavit of Brian O'Donnell, attached hereto as Exhibit 1. In his testimony, Mr. Drda disavows the letter upon which Defendant relied in Defendant's Reply Memorandum. Should the Court find Mr. Drda's remarks of interest,

---

[2] Defendant's counsel's affidavit contains no basis to believe that the DOT employee with whom counsel claims to have spoken -- an employee of the DOT maintenance bureau -- was qualified to articulate DOT policy on the subjects at issue. Defendant also provides no way to measure the weight that the Siting Council would give to such a policy even if it were genuine.

Omnipoint hereby requests that the Court give weight to Mr. Drda's statements made under oath, and disregard the hearsay offered by Defendant.

PLAINTIFFS,
OMNIPOINT COMMUNICATIONS, INC. and
OMNIPOINT FACILITIES NETWORK 2, L.L.C.

By: _____
Dennis F. Kerrigan, Jr. (ct09621)
Stephen J. Humes (ct14065)
Brian O'Donnell (ct16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3500
Facsimile: (860) 293-3555