UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OMNIPOINT COMMUNICATIONS, INC.,  :
and OMNIPOINT FACILITIES          :
NETWORK 2, L.L.C.,                :        Civil Action No.:
                                  :        3:03CV0900(AWT)
                    Plaintiffs,   :
                                  :
vs.                               :
                                  :
THE COUNTRY CLUB OF NEW           :
CANAAN, INC.                      :
                                  :
                    Defendant.    :        JANUARY 23, 2004

MOTION FOR ADOPTION OF SCHEDULING REPORT

Plaintiffs Omnipoint Communications, Inc. and Omnipoint Facilities Network 2,

L.L.C. ("Omnipoint") hereby move for adoption of the attached Rule 26(f) Report of Parties'

Planning Conference as the schedule for further proceedings in this case. In support of this

motion, Omnipoint represents as follows:

1.      The parties negotiated a scheduling plan on several occasions, but have

been unable to reach agreement on all aspects of a proposed schedule, as reflected in the draft

Rule 26(f) Report of Parties Planning Conference, attached hereto as Exhibit A;

2.      Defendant filed a Motion to Stay, dated October 10, 2003, and Motion to

Dismiss, dated October 23, 2003, both of which have been fully briefed and are pending before

the Court;

3.      The parties have engaged in protracted settlement efforts, which have not

yet borne fruit;

4.      On January 22, 2004, counsel for Omnipoint, Brian O'Donnell and

Stephen J. Humes, contacted counsel for Defendant, Mark R. Carta, by telephone, to attempt to

finalize the Form 26(f) report. Attorney Carta stated that he would not cooperate further with Omnipoint in preparation of the Form 26(f) report, or otherwise speak with counsel for Omnipoint, because he was incensed that Omnipoint accused him of misrepresenting to the Court that a bogus letter was genuine. The bogus letter was attached to Defendant's Motion to Dismiss. See also Defendant's Reply to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss, dated November 26, 2003, at 2 (conceding that Defendant's counsel knew the letter was not authentic when they submitted it to the Court);

5.      In the above-referenced conversation, Attorney Carta insisted that the parties disagreed with respect to several deadlines stated in the draft Form 26(f) report, but that he "did not commit them to memory." He otherwise refused to identify or discuss the purported areas of disagreement;

6.      Counsel for Omnipoint believe that the parties had only a single unresolved disagreement with respect to a deadline, and that disagreement is noted in paragraph D.2. of the most recent draft of the Form 26(f) report, attached hereto. Omnipoint moves that the Court adopt Omnipoint's position with respect to paragraph D.2., that Defendant had until December 31, 2003 to add parties or amend its pleadings, and that the time to do so has expired;

7.      In the above-referenced telephone conversation, Counsel for Defendant further stated his position that the time for Omnipoint to submit the Form 26(f) report had expired, and that the default deadlines of the Court rules should govern. This position is unreasonable, given the fact that Defendant's Motion to Dismiss and Motion to Stay are still pending, and Omnipoint's position that Defendant failed from the inception of this litigation to cooperate fully in the preparation of the Form 26(f) report (a position that Omnipoint can substantiate if the need arises).

For the reasons stated above, Omnipoint moves that the Court adopt the final

draft of the parties' Form 26(f) report, attached, as the schedule for this case, and that the Court

adopt Omnipoint's position with respect to the deadline stated in paragraph D.2. of said report.


PLAINTIFFS
OMNIPOINT COMMUNICATIONS, INC. AND
OMNIPOINT NETWORK FACILITIES 2, L.L.C.


By

Dennis F. Kerrigan, Jr. (ct09621)
Stephen J. Humes (ct14065)
Brian O'Donnell (ct16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street
Hartford, CT 06103
Tel.(860) 293-3500
Fax.(860) 293-3555

Their Attorneys

A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMNIPOINT COMMUNICATIONS, INC., | : | |
| and OMNIPOINT FACILITIES | : | |
| NETWORK 2, L.L.C., | : | **Civil Action No.:** |
| | : | **3:03CV0900(AWT)** |
| **Plaintiffs,** | : | |
| | : | |
| vs. | : | |
| | : | |
| THE COUNTRY CLUB OF NEW | : | |
| CANAAN, INC. | : | |
| | : | |
| **Defendant.** | : | **JANUARY 23, 2004** |

### RULE 26(f) REPORT OF PARTIES' PLANNING CONFERENCE

| | |
|---|---|
| Date Complaint Filed: | May 21, 2003 |
| Date Complaint Served: | May 23, 2003 |
| Date of Defendant's Appearance: | June 12, 2003 |
| Date Amended Complaint Filed: | July 3, 2003 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the parties in the above-captioned case conferred on July 8, 2003, September 4, 2003, and November 5, 2003. Representing the parties were:

Stephen J. Humes and Brian O'Donnell, for Plaintiffs Omnipoint Communications, Inc., and Omnipoint Facilities Network 2, L.L.C. (collectively "Omnipoint")

Mark R. Carta and Robert F. Maslan, Jr., for Defendant The Country Club of New Canaan, Inc. ("CCNC")

## I.    Certification.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction.

### A.    Subject Matter Jurisdiction.

Jurisdiction is founded on diversity of citizenship.

### B.    Personal Jurisdiction.

The parties do not dispute the Court's personal jurisdiction over them.

## III.    Brief Description of Case.

### A.    Claims of Plaintiffs.

Plaintiff Omnipoint entered into a lease to build a wireless telecommunications tower on Defendant's property, which lease was signed on behalf of Defendant by Defendant's treasurer, James N. Barton ("Barton"). Defendant has since refused to permit Plaintiffs to use Defendant's property for the purposes provided in the lease, stated that it will continue to do so, and disputes the validity of the lease. Plaintiffs seek an order enforcing the lease and, in addition or in the alternative, seek damages estimated to exceed $1 million.

### B.    Defenses and Claims (Counterclaims, Third-Party Claims, Cross-Claims) of Defendant.

**Defenses:** Defendant CCNC is not bound by the purported lease for one or more of the following reasons: (1) the purported lease was not approved by the requisite vote of the shareholders of the corporation, as required by the corporation's by-laws and the Connecticut Business Corporation Act, Conn. Gen. Stat. §§ 33-600 et seq., and Mr. Barton lacked authority to bind the corporation to such purported lease; (2) Because Mr. Barton did not have the requisite authority to sign the purported lease on behalf of the corporation, the purported lease fails to comply with the Statute of Frauds; (3) Omnipoint failed to disclose to CCNC that the purported

2

lease would result in the incorporation of adjacent land owned by CCNC and subject to a limited easement in favor of the Southern New England Telephone Company (now SBC Communications Inc. ["SBC"]), which would result in an overburdening of that easement, and failed to obtain CCNC's consent to do so. Without waiving its legal position or rights, CCNC has allowed Omnipoint access to the purported leased premises and other locations on CCNC property to conduct tests and other activities in conjunction with Omnipoint's pending application to the Connecticut Siting Council for a Certificate of Public Need and Environmental Compatibility.

**Counterclaim and Third-Party Claim:** Defendant CCNC intends to assert a counterclaim against the plaintiff and a third party claim against SBC seeking a declaratory judgment concerning the scope of the easement and whether Omnipoint's proposed use of that easement constitutes an overburdening, and if so, CCNC will seek an injunction against such overburdening.

### C.    Defenses and Claims of Third-Party Defendant.

Not applicable until the Third-Party Defendant is joined in this action.

### IV.    Statement of Undisputed Facts.

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Barton, the former treasurer of CCNC, signed a document purporting to be a lease to Omnipoint, of a portion of CCNC's real property (the "Purported Leased Premises").

The lease, by its terms, purportedly permits Omnipoint to erect a telecommunications tower on the Purported Lease Premises.

The Purported Lease Premises is adjacent to an easement area upon which SBC's telephone equipment is located.

The parties dispute the legal effect of the purported lease signed by Barton. CCNC asserts that the parties dispute the scope of the easement in favor of SBC while Omnipoint asserts that the easement is irrelevant.

## V.     Case Management Plan.

### A.     Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

### B.     Scheduling Conference With the Court.

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R.Civ.P. 16(b).

### C.     Early Settlement Conference.

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by a settlement conference with the presiding judge or magistrate judge, as described in paragraph C.3., below.

2.     The parties do request an early settlement conference (i.e., a settlement conference prior to the commencement of discovery).

3.     The parties prefer a settlement conference with the presiding judge or a magistrate judge at the earliest possible date.

4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

**D.    Joinder of Parties and Amendment of Pleadings.**

1.    Plaintiff does not intend to join additional parties or further amend its complaint.

2.    The parties have been unable to reach agreement with respect to the deadline for Defendant to join additional parties.  Defendant seeks until March 15, 2004, to file motions to join additional parties or otherwise to amend its pleadings.  Plaintiff would grant Defendant until December 31, 2003, to file motions to join additional parties or otherwise amend its pleadings.

**E.    Discovery.**

1.    The parties anticipate that discovery will be needed on the following subjects:

**Plaintiffs**:  Plaintiffs anticipate that discovery will be needed on the following subjects:

(a)  The circumstances surrounding Barton's signing of the purported lease;

(b)  The circumstances surrounding other encumbrances of real estate by Defendant;

(c)  The circumstances surrounding the decision by Defendant to disavow the purported lease signed by Barton;

(d)  The circumstances surrounding the decision by Defendant to oppose Plaintiffs' efforts to obtain approval from the Connecticut Siting Council for the subject telecommunications tower;

(e) The nature of actions undertaken by Defendant to oppose Plaintiffs' efforts to obtain the referenced Connecticut Siting Council approval.

5

**Defendant:** Defendant anticipates that discovery will be needed on the following subjects:

(a) All items set forth in Omnipoint's list of discovery issues;

(b) The circumstances surrounding the selection of the Purported Lease Premises and all alternative sites as a site for a telecommunications antenna;

(c) The circumstances surrounding Omnipoint's proposed use of the SBC easement, including without limitation all communications, negotiations and agreements between Omnipoint, the Southern New England Telephone Company and SBC.

2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by July 31, 2004, unless as otherwise provided as a result of an early settlement conference.

3.     Discovery will not be conducted in phases.

4.     Not applicable.

5.     Plaintiffs anticipate that they will require a total of 8 depositions of fact witnesses. Defendant anticipates that it will require a total of 8 depositions of fact witnesses. The depositions will start after the completion of the early settlement conference or January 1, 2004, whichever is earlier.

6.     The parties anticipate that they will request permission to serve more than 25 interrogatories.

7.     Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 30, 2004. Depositions of any such experts will be completed by May 31, 2004.

6

8.      Defendant does intend to call expert witnesses at trial.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2004  Depositions of any such experts will be completed by July 31, 2004

9.      A damages analysis will be provided by any party who has a claim or counterclaim for damages within the time for each party's expert disclosure per Paragraphs 7 and 8 above.

**F.      Dispositive Motions.**

Dispositive motions will be filed on or before September 30, 2004.

**G.      Joint Trial Memorandum.**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 31, 2004.

**VI.    Trial Readiness.**

This case will be ready for trial by one month after the Court's ruling on dispositive motions or, if no dispositive motions are filed, then by November 30, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS
OMNIPOINT COMMUNICATIONS, INC. AND
OMNIPOINT NETWORK FACILITIES 2, L.L.C.


By_____
   Dennis F. Kerrigan, Jr. (ct09621)
   Stephen J. Humes (ct14065)
   Brian O'Donnell (ct16041)
   LeBoeuf, Lamb, Greene & MacRae, L.L.P.
   225 Asylum Street
   Hartford, CT 06103
   Tel.(860) 293-3500
   Fax.(860) 293-3555

Their Attorneys




DEFENDANT
THE COUNTRY CLUB OF NEW CANAAN, INC.


By_____
   Mark R. Carta (ct06645)
   Rucci, Burnham, Carta & Edelberg, LLP
   30 Old King's Highway South
   P.O. Box 1107
   Darien, CT 06820

Its Attorney

8

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Motion for Adoption of Scheduling Report, with attachment, was sent by facsimile and U.S. Mail, first class, postage prepaid, on this the 23rd day of January, 2004, to the following counsel of record:

Mark R. Carta
Rucci, Burnham, Carta & Edelberg, L.L.P.
30 Old King's Highway South
P.O. Box 1107
Darien, CT 06820




Brian O'Donnell

4