UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
OMNIPOINT COMMUNICATIONS       :
INC., et al.                   :
                               :
          Plaintiffs,          :
v.                             :    Civil No. 3:03CV00900(AWT)
                               :
THE COUNTRY CLUB OF NEW        :
CANAAN, INC.,                  :
                               :
          Defendant.           :
-------------------------------x
```

**ENDORSEMENT ORDER**

The defendant's motion to stay (doc. #18) is hereby DENIED, and its motion to dismiss (doc. #19) is also hereby DENIED, for the reasons set forth below.

Plaintiff Omnipoint Communications, Inc. and defendant The Country Club of New Canaan, Inc. are parties to a Lease Agreement, entered into by the defendant as the lessor and Omnipoint Communications, Inc. as the lessee.  The plaintiffs have brought claims against the defendant claiming it has breached obligations under the Lease Agreement.

The defendant argues that the "Term" of the Lease Agreement has not yet commenced, and thus this action should be dismissed and/or stayed because the plaintiff's claims are not ripe for adjudication.  However, Section 2(b) of the Lease Agreement provides that "Lessor agrees to cooperate with Lessee, at Lessee's expense, in making application for and obtaining any local, state, federal licenses, permits and any other approvals

which may be required to allow Lessee use of the Premises." Therefore, the defendant does have obligations under the Lease Agreement notwithstanding the fact that the ten-year Term contemplated by Section 5 of the Lease Agreement has not yet commenced.

"When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the allegations of the complaint are construed in the plaintiff's favor." LaFrancis v. United States, 66 F. Supp. 2d 335, 337 (D. Conn. 1999). "[T]he court must accept all well pleaded factual allegations as true and must draw reasonable inferences in favor of the plaintiff." MM Global Servs. Inc. v. The Dow Chem. Co., No. 3:02cv1107, 2003 U.S. Dist. LEXIS 16643, at *16(D. Conn. Sept. 12, 2003). Under this standard, the defendant has failed to meet its burden of showing that the complaint should be dismissed.

To prevail on a motion to stay, the moving party must set forth a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis v. North Am. Co., 299 U.S. 248, 256 (1936). The plaintiffs allege that the defendant has already breached the Lease Agreement, and set forth arguments tending to show that there is more than a fair possibility that they will be prejudiced by a stay. On the other hand, the defendant has failed to make out a case of

2

hardship or inequity resulting from it being forced to proceed with the case. Thus, the motion to stay should be denied.

It is so ordered.

Dated this 2nd day of February 2004 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge