UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OMNIPOINT COMMUNICATIONS, INC.,           :
and OMNIPOINT FACILITIES                  :
NETWORK 2, L.L.C.,                        :
                                          :     03CV900RJM          Civil Action No.:
                           Plaintiffs,    :     3:03CV0900(AWT)
                                          :
vs.                                       :
                                          :
THE COUNTRY CLUB OF NEW                   :
CANAAN, INC.                              :
                                          :
                           Defendant.     :     JANUARY 23, 2004

## RULE 26(f) REPORT OF PARTIES' PLANNING CONFERENCE

Date Complaint Filed:              May 21, 2003

Date Complaint Served:             May 23, 2003

Date of Defendant's Appearance:    June 12, 2003

Date Amended Complaint Filed:      July 3, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the parties in the

above-captioned case conferred on July 8, 2003, September 4, 2003, and November 5, 2003.

Representing the parties were:

Stephen J. Humes and Brian O'Donnell, for Plaintiffs Omnipoint Communications, Inc.,
and Omnipoint Facilities Network 2, L.L.C. (collectively "Omnipoint")

Mark R. Carta and Robert F. Maslan, Jr., for Defendant The Country Club of New
Canaan, Inc. ("CCNC")

**I.      Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan.  Counsel further certifies that they have forwarded a copy of this report to their clients.

## II.   Jurisdiction.

### A.    Subject Matter Jurisdiction.

Jurisdiction is founded on diversity of citizenship.

### B.    Personal Jurisdiction.

The parties do not dispute the Court's personal jurisdiction over them.

## III.   Brief Description of Case.

### A.    Claims of Plaintiffs.

Plaintiff Omnipoint entered into a lease to build a wireless telecommunications tower on Defendant's property, which lease was signed on behalf of Defendant by Defendant's treasurer, James N. Barton ("Barton").  Defendant has since refused to permit Plaintiffs to use Defendant's property for the purposes provided in the lease, stated that it will continue to do so, and disputes the validity of the lease.  Plaintiffs seek an order enforcing the lease and, in addition or in the alternative, seek damages estimated to exceed $1 million.

### B.    Defenses and Claims (Counterclaims, Third-Party Claims, Cross-Claims) of Defendant.

**Defenses:**  Defendant CCNC is not bound by the purported lease for one or more of the following reasons:  (1) the purported lease was not approved by the requisite vote of the shareholders of the corporation, as required by the corporation's by-laws and the Connecticut Business Corporation Act, Conn. Gen. Stat. §§ 33-600 et seq., and Mr. Barton lacked authority to bind the corporation to such purported lease; (2) Because Mr. Barton did not have the requisite authority to sign the purported lease on behalf of the corporation, the purported lease fails to comply with the Statute of Frauds; (3) Omnipoint failed to disclose to CCNC that the purported

2

lease would result in the incorporation of adjacent land owned by CCNC and subject to a limited

easement in favor of the Southern New England Telephone Company (now SBC

Communications Inc. ["SBC"]), which would result in an overburdening of that easement, and

failed to obtain CCNC's consent to do so.  Without waiving its legal position or rights, CCNC

has allowed Omnipoint access to the purported leased premises and other locations on CCNC

property to conduct tests and other activities in conjunction with Omnipoint's pending

application to the Connecticut Siting Council for a Certificate of Public Need and Environmental

Compatibility.

**Counterclaim and Third-Party Claim:**  Defendant CCNC intends to assert a

counterclaim against the plaintiff and a third party claim against SBC seeking a declaratory

judgment concerning the scope of the easement and whether Omnipoint's proposed use of that

easement constitutes an overburdening, and if so, CCNC will seek an injunction against such

overburdening.

**C.**      **Defenses and Claims of Third-Party Defendant.**

Not applicable until the Third-Party Defendant is joined in this action.

**IV.**   **Statement of Undisputed Facts.**

Counsel certify that they have made a good faith attempt to determine whether there are

any material facts that are not in dispute.  The parties state that the following material facts are

undisputed:

Barton, the former treasurer of CCNC, signed a document purporting to be a lease to

Omnipoint, of a portion of CCNC's real property (the "Purported Leased Premises").

The lease, by its terms, purportedly permits Omnipoint to erect a telecommunications

tower on the Purported Lease Premises.

The Purported Lease Premises is adjacent to an easement area upon which SBC's telephone equipment is located.

The parties dispute the legal effect of the purported lease signed by Barton. CCNC asserts that the parties dispute the scope of the easement in favor of SBC while Omnipoint asserts that the easement is irrelevant.

## V.    Case Management Plan.

### A.    Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

### B.    Scheduling Conference With the Court.

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R.Civ.P. 16(b).

### C.    Early Settlement Conference.

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by a settlement conference with the presiding judge or magistrate judge, as described in paragraph C.3., below.

2.    The parties do request an early settlement conference (i.e., a settlement conference prior to the commencement of discovery).

3.    The parties prefer a settlement conference with the presiding judge or a magistrate judge at the earliest possible date.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

**D.    Joinder of Parties and Amendment of Pleadings.**

1.    Plaintiff does not intend to join additional parties or further amend its complaint.

2.    The parties have been unable to reach agreement with respect to the deadline for Defendant to join additional parties.  Defendant seeks until March 15, 2004, to file motions to join additional parties or otherwise to amend its pleadings.  Plaintiff would grant Defendant until December 31, 2003, to file motions to join additional parties or otherwise amend its pleadings.

**E.    Discovery.**

1.    The parties anticipate that discovery will be needed on the following subjects:

**Plaintiffs:**  Plaintiffs anticipate that discovery will be needed on the following subjects:

(a)  The circumstances surrounding Barton's signing of the purported lease;

(b)  The circumstances surrounding other encumbrances of real estate by Defendant;

(c)  The circumstances surrounding the decision by Defendant to disavow the purported lease signed by Barton;

(d)  The circumstances surrounding the decision by Defendant to oppose Plaintiffs' efforts to obtain approval from the Connecticut Siting Council for the subject telecommunications tower;

(e) The nature of actions undertaken by Defendant to oppose Plaintiffs' efforts to obtain the referenced Connecticut Siting Council approval.

**Defendant:** Defendant anticipates that discovery will be needed on the following subjects:

      (a) All items set forth in Omnipoint's list of discovery issues;

      (b) The circumstances surrounding the selection of the Purported Lease Premises and all alternative sites as a site for a telecommunications antenna;

      (c) The circumstances surrounding Omnipoint's proposed use of the SBC easement, including without limitation all communications, negotiations and agreements between Omnipoint, the Southern New England Telephone Company and SBC.

      2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by July 31, 2004, unless as otherwise provided as a result of an early settlement conference.

      3.      Discovery will not be conducted in phases.

      4.      Not applicable.

      5.      Plaintiffs anticipate that they will require a total of 8 depositions of fact witnesses. Defendant anticipates that it will require a total of 8 depositions of fact witnesses. The depositions will start after the completion of the early settlement conference or January 1, 2004, whichever is earlier.

      6.      The parties anticipate that they will request permission to serve more than 25 interrogatories.

      7.      Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 30, 2004. Depositions of any such experts will be completed by May 31, 2004.

8.      Defendant does intend to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2004  Depositions of any such experts will be completed by July 31, 2004

9.      A damages analysis will be provided by any party who has a claim or counterclaim for damages within the time for each party's expert disclosure per Paragraphs 7 and 8 above.

**F.      Dispositive Motions.**

Dispositive motions will be filed on or before September 30, 2004.

**G.      Joint Trial Memorandum.**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 31, 2004.

**VI.      Trial Readiness.**

This case will be ready for trial by one month after the Court's ruling on dispositive motions or, if no dispositive motions are filed, then by November 30, 2004.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS
OMNIPOINT COMMUNICATIONS, INC. AND
OMNIPOINT NETWORK FACILITIES 2, L.L.C.


By _____
   Dennis F. Kerrigan, Jr. (ct09621)
   Stephen J. Humes (ct14065)
   Brian O'Donnell (ct16041)
   LeBoeuf, Lamb, Greene & MacRae, L.L.P.
   225 Asylum Street
   Hartford, CT 06103
   Tel.(860) 293-3500
   Fax.(860) 293-3555

Their Attorneys



DEFENDANT
THE COUNTRY CLUB OF NEW CANAAN, INC.


By_____
   Mark R. Carta (ct06645)
   Rucci, Burnham, Carta & Edelberg, LLP
   30 Old King's Highway South
   P.O. Box 1107
   Darien, CT 06820

Its Attorney

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Motion for Adoption of Scheduling Report, with attachment, was sent by facsimile and U.S. Mail, first class, postage prepaid, on this the 23rd day of January, 2004, to the following counsel of record:

Mark R. Carta
Rucci, Burnham, Carta & Edelberg, L.L.P.
30 Old King's Highway South
P.O. Box 1107
Darien, CT 06820

Brian O'Donnell

4